IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
08/13/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

CARLOS MARTIN FRANCISCO, )
)
Petitioner, )
)
v. )   Case No. 26-3198-JWL
)
MISTY MACKEY, Warden, )
   Midwest Regional Reception Center; )
SAM OLSON, Director, )
  ICE Field Office; and )
MARKWAYNE MULLIN, Secretary, )
  Department of Homeland Security; and )
TODD BLANCHE, Acting Attorney General, )
)
Respondents. )
)
_____ )

## MEMORANDUM AND ORDER

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants the petition in part**. Respondents are ordered to ensure that petitioner receives a bond hearing on or before **August 27, 2026**, and to provide notice to this Court once that bond hearing has been conducted. The Court denies any request for other relief.

Petitioner, a native of Guatemala, entered the United States in 2011 as a lawful permanent resident. In May 2022, petitioner was convicted in Indiana state court of battery. Immigration officials took petitioner into custody on October 1, 2023. Beginning in November 2023, the immigration judge (IJ) granted petitioner numerous continuances to

allow petitioner to pursue post-conviction relief in Indiana state court. In June 2025, after the Indiana trial court denied relief, the IJ ordered petitioner's removal. Petitioner appealed that decision to the Board of Immigration Appeals (BIA), and that court affirmed the IJ's removal order in May 2026. Petitioner appealed that decision by filing a petition for review in the Seventh Circuit, and that petition remains pending. Petitioner is presently detained within this judicial district. On June 26, 2026, petitioner filed the instant habeas petition. Respondents have filed an answer to the petition, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

As his sole claim, petitioner asserts that his detention pursuant to 8 U.S.C. § 1226(c) without a bond hearing violates due process. That statute requires mandatory detention for certain aliens, including those deportable by reason of having committed certain criminal offenses. *See id.* Petitioner does not dispute that he has been convicted of such an offense and is therefore subject to mandatory detention under Section 1226(c).

As respondents note, in *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that although aliens are entitled to due process in immigration proceedings, their mandatory detention under Section 1226(c) without a determination concerning danger to society or the risk of flight is constitutional. *See id.*[1] Subsequently, in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court held that Section 1226(c) itself does not grant any right to a bond hearing after any particular amount of time. *See id.* In *Demore*, however, the Court's specific holding was that Congress, out of concern that non-

---

[1] The Supreme Court first concluded that 8 U.S.C. § 1226(e) does not deprive courts of jurisdiction to consider such a constitutional claim. *See Demore*, 538 U.S. at 516-17.

2

detained aliens continue to engage in crime or fail to appear for removal proceedings, could require detention "for the *brief* period necessary" for those proceedings, *see Demore*, 538 U.S. at 513 (emphasis added); and it relied in part on statistics showing that in the great majority of cases involving detention under Section 1226(c), removal proceedings are concluded in an average time of 47 days (with a median of 30 days), with the other cases resolved after an appeal lasting an average of four months, *see id.* at 529; *see also id.* at 531 (concluding that the detention of the petitioner "for the *limited* period of his removal proceedings" was constitutional) (emphasis added). In a concurring opinion (in a 5-4 decision), Justice Kennedy noted that the ultimate purpose behind detention under Section 1226(c) is premised on the alien's deportability; and he further acknowledged the possibility of an as-applied constitutional challenge to such detention as follows:

> [S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified. Were there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against the risk of flight or dangerousness, but to incarcerate for other reasons.

*See id.* at 531, 532-33 (Kennedy, J., concurring) (citations omitted).

Since *Demore* and *Jennings* were decided, courts have entertained as-applied due process challenges to detention under Section 1226(c) without a bond hearing. *See Nguyen v. Carter*, 2026 WL 522650, at *2 (D. Kan. Feb. 25, 2026) (Lungstrum, J.) (citing cases). In considering such challenges, this Court has considered the following six factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal

3

proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*See id.*

The Court concludes that these factors, considered together, weigh in favor of petitioner and his claim of a due process violation based on his detention without a bond hearing. First, and most importantly, petitioner has been detained by immigration officials for nearly *three years*. That period far exceeds the "brief" period for removal proceedings assumed by Supreme Court in *Demore*, and is a significantly longer period of time than suggested by the statistics on which the Court relied in that case. With respect to future detention, it is unknown when petitioner's present appeal will be resolved, but the process in the Seventh Circuit began only a couple of months ago, and respondents do not dispute petitioner's claim that a decision will likely not be issued for several months more. Petitioner is presently confined in a high-security area of a prison-like facility, even though he received only a suspended sentence (and thus served no jail time) for the conviction on which his mandatory detention is based. Respondents correctly note that much of the delay in petitioner's removal proceedings may be attributed to the continuances he requested to challenge in state court the underlying conviction that makes him removeable; nevertheless, the Court notes that the BIA (an arm of the Executive Branch) also took almost one full year to decide his appeal of the removal order, even though petitioner was being detained. Finally, although the Court will not take a position on the legal issue now before the Seventh Circuit, it appears that petitioner has at least asserted a colorable claim that his statute of conviction should not be deemed to provide a basis for removal.

Thus, although it is a close case, the Court is ultimately persuaded by the fact that petitioner has now been detained for nearly three years while his removal proceedings continue. Petitioner's continued detention without at least a bond hearing has become unreasonable and is no longer supported by a purpose to effect removal. As Justice Kennedy noted, the underlying purposes of detention relating to dangerousness and risk of flight may be tested (as applied to the alien) in a bond hearing addressing those issues. *See Demore*, 538 U.S. at 531-32 (Kennedy, J., concurring).

Accordingly, the Court concludes that due process requires that petitioner be granted a bond hearing, and the Court grants the petition to that extent. The Court denies petitioner's request for release or for an order imposing various conditions for the bond hearing, as the Court concludes the terms of the hearing are better left to the immigration judge in the first instance. *See Nguyen*, 2026 WL 522650, at *4. Respondents are therefore ordered to ensure that petitioner receives a bond hearing – on the same terms as if petitioner were detained under Section 1226(a) – on or before **August 27, 2026**, and to provide notice to this Court once that hearing has been conducted.

Finally, the Court notes that petitioner has requested an award of attorney fees. Any such request should be made by future motion, after consultation with Government counsel, in accordance with applicable rules.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part**. Respondents are ordered to ensure that petitioner receives a bond hearing on or before **August 27, 2026**, and to

provide notice to this Court once that bond hearing has been conducted.  The Court denies

any request for other relief.

IT IS SO ORDERED.

Dated this 13th day of August, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge